UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 3:18-cr-232 (KAD) |
| | ) | |
| v. | ) | |
| | ) | |
| LUIS PITT | ) | November 5, 2024 |
| | ) | |

**ORDER GRANTING (ECF No. 337) MOTION FOR COMPASSIONATE RELEASE**

Kari A. Dooley, United States District Judge:

Defendant, Luis Pitt, has moved pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for an order of compassionate release from confinement[1] in light of, *inter alia*, the recent passing of the mother of Mr. Pitt's young child and the deteriorating health of Mr. Pitt's mother who needs significant and substantial at-home care.[2]

The Government defers to the Court, recognizing the serious circumstances which give rise to the motion and leaving to the Court the assessment of the statutory factors. *See* ECF No. 344. For the reasons that follow, the motion is GRANTED.

A court may modify a term of imprisonment on compassionate release grounds in two circumstances: (1) upon motion of the Director of the Bureau of Prisons, or (2) upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C.

---

[1] Mr. Pitt was convicted of committing a Violent Crime in Aid of Racketeering and Brandishing a Firearm in Furtherance of a Crime of Violence. He was sentenced on January 30, 2020 to a total effective sentence of 144 months incarceration, 84 months of which represented a consecutive mandatory minimum sentence for the firearm offense. *See* ECF No. 271.

[2] The Court also received a letter directly from Mr. Pitt describing the programs he has undertaken and the steps he is taking towards his rehabilitation.

§ 3582(c)(1)(A). Mr. Pitt has met this second requirement because more than 30 days have passed since Mr. Pitt requested compassionate release from the Warden of FCI Otisville on June 27, 2024, and Mr. Pitt has not received any response from the Warden.

Upon exhaustion of a defendant's administrative remedies, § 3582(c)(1)(A) provides that a district court "may reduce" a defendant's term of imprisonment "after considering the factors set forth in section 3553(a)," if it finds "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the sentencing commission." 18 U.S.C. § 3582(c)(1)(a); *United States v. Brooker*, 976 F.3d 228, 235 (2d Cir. 2020). A district court's "reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release." *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021).

Mr. Pitt seeks compassionate release principally in light of two significant circumstances. First, Mr. Pitt cites the death of Cassandra Brodeur, his partner and the mother of Mr. Pitt's six-year-old son, Mayson. On October 21, 2023, Ms. Brodeur passed away unexpectedly at only 36 years of age. As a result, Mayson is now in the care of Ms. Brodeur's mother, who is available to care for Mayson but is "not fully equipped to take on the responsibility of raising a grieving child alone." Mr. Pitt argues that his presence is "necessary to provide essential support to Mayson and his grandparents," and will otherwise mitigate the psychological harm to Mayson resulting from Mr. Pitt's incarceration.

Additionally, Mr. Pitt seeks release on the basis of his mother's serious, life-threatening medical circumstances. In January 2024, Mr. Pitt's mother suffered a cerebral aneurism and pulmonary embolism, which required several months of hospitalization and left her "incapacitated and in need of caregiving support." Following a neuropsychological consultation, Mr. Pitt's

mother's doctor recommended that she be "placed on a conservatorship, be assisted with all her complex daily activities, and have a visiting nurse to ensure that she is keeping up with medical treatment." Mr. Pitt argues that, if released, he would also be able to provide the necessary assistance for his mother, and "fulfill the role of a live-in caregiver" for her.

The Court finds that in combination, these circumstances establish extraordinary and compelling reasons to reduce Mr. Pitt's sentence and grant him compassionate release. *See* U.S.S.G. § 1B1.13(b)(3) (extraordinary and compelling family circumstances include the "death or incapacitation of the caregiver of the defendant's minor child")[3]; *United States v. Donato*, No. 03-CR-929, 2024 WL 665939, at *6 (E.D.N.Y. Feb. 16, 2024) (Defendant's family circumstances—including his son's need for caretaking—supported a finding that extraordinary and compelling reasons warrant a reduction in his sentence); *United States v. Stokes*, No. 3:19-CR-307 (SRU), 2024 WL 216643, at *2 (D. Conn. Jan. 19, 2024) (granting compassionate release because, *inter alia*, the defendant was the only available caregiver for his physically disabled mother); *United States v. Khan*, No. 18-CR-830 (VSB), 2023 WL 2911021, at *3 (S.D.N.Y. Apr. 11, 2023) (finding extraordinary and compelling circumstances where, *inter alia*, the defendant needed to care for his wife and children, and his mother was seriously ill); *United States v. Cannon*, No. 3:17-CR-174 (SRU), 2022 WL 2867858, at *4 (D. Conn. July 21, 2022) (acknowledging the relevance of the defendant's family circumstances, and finding that "the role that [defendant] could play in assisting with childcare weighs in favor of release").

---

[3] Given that the U.S. Sentencing Commission had not updated its guidance following the enactment of the First Step Act in 2018, the Second Circuit previously described U.S.S.G. § 1B1.13 as "now-outdated." *Brooker*, 976 F.3d at 237. The guidelines have since been updated effective November 1, 2023 to reflect a defendant's ability to seek compassionate release, and include both the prerequisites for such relief and examples of circumstances that might warrant such relief.

Turning to the § 3553(a) sentencing factors, the Court concludes that while some weigh against compassionate release, they do not preclude the granting of the motion. To be sure, the Court has concerns regarding whether Mr. Pitt, a previously avowed and active member of the Latin Kings, a violent and criminal street gang, continues to pose a threat to the community. And the offense of conviction involved a violent, prolonged kidnapping and torture. Mr. Pitt's letter to the Court does not so much as mention the victim of this offense, let alone reveal actual remorse for the horrific crime perpetrated against the victim. Nor is there mention of Mr. Pitt's membership in the Latin Kings. The Court recognizes that at sentencing, Mr. Pitt did apologize to the victim, the sincerity of which was weighed and factored into the Court's original sentence. Notwithstanding the Court's well-founded concerns, Mr. Pitt has remained mostly discipline free while incarcerated; has availed himself of rehabilitative programming which will assist with his reintegration into the community; and is determined to focus his time and energy on being present in his son's life and in being a caregiver for his ailing mother. He has the support of his family. He intends to live with his brother and his mother for whom he will provide care. Further, conditions of supervised release can be modified to address the Court's lingering concerns regarding Mr. Pitt's prior association with the Latin Kings in the Hartford region. For all of these reasons, the Defendant's motion for sentence reduction and immediate release is GRANTED. The Defendant's sentence is reduced to "time served." The Defendant shall be released as soon as practicable but no later than 5:00 p.m. on November 8, 2024. The Defendant is placed on Supervised Release subject to all conditions previously ordered. However, the conditions of Supervised Release are modified as follows: the Defendant shall reside with his brother Jose Cruz and his mother Michelle Martinez. Upon his release, the Defendant shall travel directly from the facility to this residence. The Defendant shall be on home detention for the first six (6) months of Supervised Release. Mr.

Pitt shall be permitted to leave the residence for employment, religious services, medical treatment, or for other reasons approved in advance by the United States Probation Office. He shall be subject to location monitoring for the first six (6) months of Supervised Release by whatever technology is deemed appropriate by the United States Probation Office.

The Clerk of Court is directed to provide a copy of this Order to the United States Marshals Service to be transmitted to the Bureau of Prisons. The Clerk of the Court is further directed to provide a copy of the Order to the United States Probation Office.

**SO ORDERED** at Bridgeport, Connecticut, this 5th day of November 2024.

                                         */s/ Kari A. Dooley*
                                         KARI A. DOOLEY
                                         UNITED STATES DISTRICT JUDGE